# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>v.<br><br>GINGER CHAPMAN, BRENT F. JACOBS, and WILLIAM F. JACOBS,<br><br>     Defendants. | CASE NO.: 1:11-CV-166 (WLS) |

## ORDER

Presently pending before the Court is Plaintiffs' Motion for Default Judgment. (Doc. 25.) For the following reasons, Plaintiff's Motion for Default Judgment (Doc. 25) is **GRANTED.**

## PROCEDURAL BACKGROUND

On November 22, 2011, Plaintiffs brought this diversity action against Defendants Ginger Chapman, Brent F. Jacobs, and William F. Jacobs as a Petition for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. (*See* Doc. 1.) The action was brought in relation to claims arising out of a vehicle collision that allegedly occurred on May 18, 2011, which is subject of the underlying lawsuit currently pending in the Superior Court of Ben Hill County, Georgia. (*Id.* at 1-2.) Plaintiffs seek a declaratory judgment from this Court ruling that Plaintiffs are not obligated to provide a defense, coverage, or indemnification to Defendants Jacobs under their various insurance policies as to the suit initiated by Defendant Chapman in Superior Court of Ben Hill County, Georgia. (*Id.* at 26-27.)

1

On December 20, 2011, Defendant Chapman answered the complaint. (Doc. 10.) On May 16, 2012, Plaintiffs moved for default judgment against Defendants Jacobs. (Doc. 17.) The Court denied the motion for default judgment on March 11, 2013 because Plaintiffs had not first obtained an entry of default. (Doc. 21.) On March 12, 2013, Plaintiffs moved for an entry of default against Defendants Jacobs. (Doc. 24.) Default was entered on March 13, 2013. (*See* Docket.) Plaintiffs moved for default judgment on the same day. (Doc. 25.) The Court gave Defendants Jacobs notice of the entry of default on April 3, 2013, and noticed Defendants Jacobs that they could respond within twenty-one (21) days of the entry of that order. (Doc. 27.) Defendants Jacobs have not yet responded to the complaint, any parties' pleadings, or any of this Court's orders. (*See Generally* Docket.)

## FACTUAL FINDINGS

The Court makes the following findings of fact from the allegations and exhibits in Plaintiffs' complaint.[1]

Plaintiffs are corporations organized under the laws of the State of Illinois with their principal place of business and citizenship in Illinois. (Doc. 1 at ¶ 2.) Defendant Chapman is a resident of Georgia. (*Id.* at ¶ 3.) Defendants Jacobs are residents of Georgia. (*Id.* at ¶¶ 4-5.) The amount in controversy exceeds $75,000. (*Id.* at ¶ 6.)

On or about May 18, 2011, a vehicle driven by Defendant Brent Jacobs collided with a vehicle driven by Defendant Chapman on State Road 11 in Berrien County, Georgia. (*Id.* at ¶ 14.) As a result, Defendant Chapman allegedly sustained injuries. (*Id.* at ¶ 15.) On or about September 14, 2011, Defendant Chapman brought suit in Superior

---

[1] By operation of a default judgment, Defendants Jacobs admit Plaintiffs' well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

2

Court of Ben Hill County, Georgia against Defendants Jacobs.  (*Id.* at ¶ 16.)  At the time of the collision, Defendant Brent Jacobs and the vehicle he was driving were insured under an insurance policy issued by State Farm Insurance Company.  (*Id.* at ¶ 17.)  Defendant Chapman's lawsuit alleged that Defendant Brent Jacobs was under the influence of drugs and/or medications when he operated his vehicle in a reckless manner resulting in a collision and injuries to Defendant Chapman.  (*Id.* at ¶ 18.)  Defendant Chapman also alleged that Defendant William Jacobs negligently entrusted Defendant Brent Jacobs with the subject vehicle.  (*Id.*)  Defendant Chapman seeks compensation for damages and injuries sustained as a result of the accident, as well as punitive damages and lost wages.  (*Id.* at ¶ 19.)

Plaintiff Allstate Fire and Casualty Insurance Company ("AFCIC") issued an Auto Policy to Defendant William F. Jacobs and Jean W. Jacobs, with effective coverage dates from April 6, 2011 through October 6, 2011.  (*Id.* at ¶ 20.)  Plaintiff Allstate Insurance Company ("AIC") issued a Standard Homeowners Policy to Defendant William Jacobs with effective dates from January 2, 2011 through January 2, 2012.  (*Id.* at ¶ 22.)

Plaintiffs' action for a declaratory judgment pertains to certain definitions contained in the insurance policies between Defendant William Jacobs and Plaintiffs and the extent of coverage provided by the insurance policy between Defendant William Jacobs and Plaintiff AIC.  Thus, Plaintiffs are seeking rulings from the Court as to the application of the AFCIC and AIC policies with Defendant William Jacobs as applied to the facts of this case.

## **DISCUSSION**

"The entry of a default judgment is appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as

provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise.' " *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting FED. R. CIV. P. 55(a)). Before obtaining a default judgment, the party seeking such a judgment must first seek an entry of default from the Clerk of the Court. FED. R. CIV. P. 55(a). But the entry of a default does not entitle a plaintiff to a default judgment. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] The defaulting party admits the movant's well-pleaded factual allegations. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citing *Nishimatsu*, 515 F.2d at 1206). Those well-pleaded factual allegations must provide a sufficient basis for imposing liability on the defaulting party. *Tyco Fire & Security, LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

The Court finds that it has diversity jurisdiction over this declaratory action. 28 U.S.C. §§ 1332, 2201. Georgia law applies to the matters in this case. (Docs. 1-2 at 16, 1-3 at 48.) In Georgia, clear and unambiguous terms of a contract are construed according to their plain language as a matter of law. *Stefano Arts v. Sui*, 301 Ga. App. 857, 860 (2010). "Contract language is unambiguous if it is capable of only one reasonable interpretation." *Id.* (citation omitted).

First, Plaintiffs argue that the 2007 Chevrolet HHR Defendant Brent Jacobs was driving at the time of the subject collision was not covered by the AFCIC Policy. The pertinent definition of "insured auto" in the AFCIC Policy is "Any auto described on the Policy Declarations and the four-wheel private passenger auto or utility auto you acquire during the policy period as a replacement." (Doc. 1-2 at 18.) The Court finds that this

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

language is unambiguous. The 2007 Chevrolet HHR was not described in the Policy Declarations section (*Id.* at 7), and is therefore not covered under the AFCIC Policy.

Second, Plaintiffs argue that Defendant Brent Jacobs is not covered by the AFCIC Policy. The AFCIC Policy defines an "insured person" as follows: "While using your insured auto: a) you; b) any resident; and c) any other person using it with your permission. While using a non-owned auto: a) you; and b) any resident relative using a four wheel passenger auto or utility auto." (Doc. 1-2 at 18.) The Court finds that this language is unambiguous. Defendant Brent Jacobs was not using an "insured auto" and is not a resident relative (Doc. 1 at ¶ 32.), and is therefore not an "insured person" under the AFCIC Policy.

Third, Plaintiffs argue that Defendant William Jacobs is not an "insured person" as defined by the AFCIC Policy in relation to the subject collision. As noted above, the contractual language defining an "insured person" is unambiguous. Because an "insured auto" was not involved in the subject collision, and neither the policyholder nor a resident relative were using a "non-owned vehicle" (*Id.* at ¶ 37), Defendant William Jacobs is not an "insured person" in relation to the collision subject to this suit.

Fourth, Plaintiffs argue that Defendant Brent Jacobs is not an "insured person" as defined by the AIC Policy. An "insured person" is defined by the AIC Policy as "you and, if a resident of your household: a) any relative; and b) any dependent person in your care." (Doc. 1-3 at 11.) "You" is defined as "the person named on the Policy Declarations as the insured and that person's resident spouse." (*Id.*) The Court finds that this language is unambiguous. Defendant William Jacobs is "the person named on the Policy Declarations as the insured." (*Id.* at 5.) Defendant Brent Jacobs is not a

resident of the policyholder's household (Doc. 1 at ¶ 41-42), and is therefore not an "insured person" under the AIC Policy.

Fifth, the AIC Policy states that it "do[es] not cover bodily injury or property damages arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle." (Doc. 1-3 at 25.) The Court finds that this language is unambiguous. Because the alleged injuries subject to this suit arose from a motor vehicle (Doc. 1 at ¶¶ 46-47), the AIC Policy does not cover such liability.

Sixth, the AIC Policy states that it "do[es] not cover bodily injury or property damage arising out of the negligent supervision by an insured person of any person … arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any … motor vehicle." (Doc. 1-3 at 26.) Because the alleged injuries subject to this suit arose from alleged negligent supervision involving a motor vehicle (Doc. 1 at ¶¶ 51-52), the AIC Policy does not cover such liability.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Default Judgment (Doc. 25) is **GRANTED.** The Court enters default judgment as to all six counts alleged in Plaintiffs' Petition for Declaratory Judgment (Doc. 1). It is hereby **ORDERED AND ADJUDGED** that judgment be entered in favor of Plaintiffs and against Defendant Brent Jacobs and Defendant William Jacobs.

**SO ORDERED**, this 25th day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**