IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, : : : : : Plaintiffs, : : v. : : : : GINGER CHAPMAN, : BRENT F. JACOBS, and : WILLIAM F. JACOBS, : : Defendants. : : | CASE NO.: 1:11-CV-166 (WLS) |

## ORDER

Presently pending before the Court is Renewed Consent Motion for Entry of Judgment for Plaintiffs (Doc. 30). On October 25, 2013, the Court granted Plaintiffs' Motion for Default Judgment. (*See* Docs. 25 & 28.) As a result, Defendants effectively admitted all well-pleaded allegations as set forth in Plaintiffs' complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))[1]; *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Plaintiffs are entitled to the requested declaratory judgment if the factual allegations established by the grant of default judgment entitle Plaintiffs to such declaration. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

As a result of the default judgment, Defendants Jacobs admitted that the automobile driven by Defendant Brent Jacobs that was involved in the accident with Defendant Chapman was not insured by the AFCIC policy, Defendant Brent Jacobs was

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1

not an "insured person" as defined by the AFCIC or AIC policies, Defendant William Jacobs is not an "insured person" as defined by the AFCIC policy in relation to the accident, and the AIC policy does not cover liability stemming from automobile accidents or negligent entrustment of an automobile.  (*See* Doc. 28 at 4-6.)  Because these facts establish that Plaintiffs do not have any duty to provide a defense, cover, or indemnification to Defendants Jacobs for the claims that arise from the May 18, 2011, accident involving Defendant Brent Jacobs and Defendant Chapman, Plaintiffs AFCIC and AIC are entitled to judgment against Defendants Jacobs.  (*See* Docs. 1-2 & 1-3.)

Thus, Plaintiffs' Renewed Consent Motion for Entry of Judgment for Plaintiffs (Doc. 30) is **GRANTED.**  It is hereby **DECLARED** that Plaintiffs AFCIC and AIC have no duty to provide a defense, cover, or indemnification to Defendants Jacobs for any and all claims arising out of the May 18, 2011, accident involving Defendant Brent Jacobs and Defendant Chapman.  Accordingly, **JUDGMENT** shall be entered in Plaintiffs' favor.

**SO ORDERED**, this  12th  day of February 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**